Jeffrey R. Erler
Texas Bar No. 00796516
jeffe@bellnunnally.com
Brad W. Odell
Texas Bar No. 24065839
brado@bellnunnally.com
BELL NUNNALLY & MARTIN LLP
1400 One McKinney Plaza
3232 McKinney Avenue
Dallas, Texas 75204
(214) 740-1400 Telephone
(214) 740-1499 Facsimile

COUNSEL FOR PLAINTIFF

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **JAY FRANK MARCOM, II** | § | **CASE NO. 10-47628-DML7** |
| | § | |
| **Debtor** | § | |
| | § | |
| | § | |
| **AREYA HOLDER, AS CHAPTER 7 TRUSTEE FOR THE ESTATE OF JAY FRANK MARCOM, II** | § | |
| | § | |
| | § | |
| | § | |
| **Plaintiff** | § | |
| | § | **Adversary. No. _____** |
| **v.** | § | |
| | § | |
| **KATHY MARCOM and MORMAR FAMILY HOLDINGS, LLC** | § | |
| | § | |
| | § | |
| **Defendants.** | | |

### ADVERSARY COMPLAINT

TO THE HONORABLE D. MICHAEL LYNN,
UNITED STATES BANKRUPTCY JUDGE:

AREYA HOLDER, Chapter 7 Trustee (the "**Plaintiff**") for the estate of Jay Frank Marcom, II, complains of KATHY MARCOM and MORMAR FAMILY HOLDINGS, LLC, and for cause of action would respectfully show the Court as follows:

## I.
## PARTIES

1.      Plaintiff is an individual appointed the Chapter 7 Bankruptcy Trustee for the Bankruptcy Estate of Jay Frank Marcom, II (the "**Debtor**").  Plaintiff has appeared in this action for all purposes as the representative of the Bankruptcy Estate of the Debtor.

2.      Defendant Kathy Marcom ("**Marcom**") is an individual who may be served with process at her residence, 7215 Mansfield Cardinal Road, Kennedale, Texas 76060, or wherever else she may be found in the State of Texas.

3.      Defendant Mormar Family Holdings, LLC ("**Mormar**") is a Texas limited liability company with its principal place of business in Stephens County, Texas.  Mormar may be served with process by serving its registered agent, Kathy Marcom, at 124 E. Walker Street, Breckinridge, Texas 76424.

## II.
## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(2) and 1334(e)(1).  This is a core proceeding under 28 U.S.C. § 157(b)(2).

5.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and/or 1409.

## III.
## FACTUAL BACKGROUND

6.     On November 30, 2010, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to sections 701 and/or 702 of the Bankruptcy Code, Plaintiff serves as trustee for the Debtor's estate.

7.     Prior to the Petition Date, Debtor owned certain real and personal property (the "**Property**") more particularly described as follows:

A.     The real property located in Stephens County, Texas ("**Stephens County Real Property**") described as follows:

a.     Tract 1:

The North 109 acres of the SW 1/4 of Survey 53, Block 6, T & P RR Co. Land;

7 acres out of the SW Corner of the NE 1/4 of Survey 53, Blk. 6, T & P RR Co. Lands Abstract 265, Stephens County, Texas;

84 acres out of the Southeast 1/4 of the NW 1/4 of Section 53, Block 6, T & P RR Co. Lands Abstract 265, Stephens County, Texas;

51 acres out of the SW 1/4 of Section 53, Block 6, T & P RR. Co. Lands, Abstract 265, Stephens County, Texas;

The North 40 acres of the Southwest 1/4 of Section 53, Block 6, T & P RR. Co. Lands, Abstract 265, in Stephens County, Texas;

b.     Tract 2:

The Southwest one-quarter (SW 1/4) of Section No. 3, Blk. B, T & NO RR Co. Survey, Abstract 218, Stephens County, Texas, containing 160 acres, more or less (known as "#2");

c.     Tract 3:

The South one-half (S 1/2) of the Northwest one-quarter (NW 1/4) of Section 123, H T & B RR Co. Survey, Abstract 79,

Stephens County, Texas, containing 220 acres, more or less (known as "#3");

d.      Tract 4:

The North 100 acres of the S.E. 1/4 of Section 66, Blk. 6, T & P RR Co. Lands, Abstract 195, Stephens County, Texas (known as "Bradford");

The South 60 acres of S.E. 1/4 of Survey #66, Block 6, T & P RR Co. Lands, situated in Stephens County, Texas (known as "Bradford");

e.      Tract 5:

The Northeast quarter (N.E. 1/4) of Section 75, Blk. 6, T & P RR Co. Lands, Abstract 289, Stephens County, Texas, containing 160 acres more or less;

The West one-half (W/2) of Section 75, Blk. 6, T & P RR Co. Land, Abstract 289, Stephens County, Texas, containing 320 acres of land, more or less;

f.      Tract 6:

The S.W. 1/4 of Survey 66, Blk. 6, Texas & Pacific railway Co., Abstract 2250, Stephens County, Texas, containing 160 acres, more or less (known as "Bott");

B.   The real property located in Tarrant County, Texas ("**Tarrant County Real Property**") described as follows:

a.      Being a tract of land out of the JESSE RUSSELL SURVEY, Abstract No. 1361 Tract 9B2A, Tarrant County, Texas, and being more particularly described by metes and bounds as follows:

BEGINNING at an iron pin at fence corner, said point being by deed call, 1889 feet East and 1361 feet South of the Northwest corner of said Russell Survey;

THENCE S. 01 degree – 16' E. along a fence 720.7 feet to an iron pin for corner in the Northerly line of County Road No. 2033;

THENCE N. 51 degree – 37' W. along said Northerly line 65.2 feet to an iron pin at the beginning of a curve to the Right having a radius of 2843.6 feet;

THENCE Northwesterly along said curve and along said Northerly line 65.1 feet to a point for corner;

THENCE N. 02 degree – 39' W. 639.4 feet to a point for corner;

THENCE East, along a fence 115.6 feet to the POINT OF BEGINNING, and containing 1.68 acres of land, more or less;

b.      Being a tract of land out of the JESSE RUSSELL SURVEY, Abstract No. 1361 Tract 9B2, Tarrant County, Texas and being more particularly described by metes and bounds as follows:

BEGINNING at a point, said point being, by deed call, 1773.4 feet East and 1361.0 feet South of the Northwest corner of said Russell Survey;

THENCE S. 02 degree – 39' E. 639.4 feet to a point for corner in the Northerly line of County Road No. 2033, said point being on a curve to the right having a radius of 2843.76 feet;

THENCE Northwesterly along said curve and along said Northerly line 130.4 feet to an iron pin for corner;

THENCE N. 05 degree – 00' W. 554.5 feet to an iron pin for corner;

THENCE East along a fence 115.6 feet to the Point of Beginning and containing 1.41 acres of land, more or less;

C.      All funds on deposit, together with accrued but unpaid interest, in the following banks, savings institutions, or other financial institutions ("**Bank Accounts**"):

a.      First National Bank Albany/Breckinridge
        Account Number XXXXX3202
        DBA Texas Smokin' Woods;

b.      First National Bank Albany/Breckinridge
        Account Number XXXXX2842
        Ranch Account;

        c.     First Financial Bank Weatherford Texas
                Account Number XXXXXXX5434
                Mormar Family Holdings, LLC dba Marcom Properties;

D.     The following motor vehicles ("**Vehicles**"):

        a.     2001 Chevrolet Suburban motor vehicle, vehicle identification number 1GNEC16T31J271741;

        b.     1989 White motor vehicle, vehicle identification number 4V1WBAJE1KN619508;

        c.     2006 Ford Truck F-150 4WD, vehicle identification number 1FTPW14V26FA89150; and

E.     Mormar Family Holdings, LLC.

8.     On October 15, 2009, the Debtor purported to convey the Stephens County Real Property and the Tarrant County Real Property to Mormar (the "**2009 Transfers**").

9.     On November 9, 2010, the Debtor purported to convey the Bank Accounts, the Vehicles and Mormar Family Holdings to Kathy Marcom (the "**2010 Transfers**," and together with the 2009 Transfers, the "**Transfers**").

10.     According to the Debtor's Schedules (the "**Schedules**") as of the Petition Date, the Debtor had assets, including allegedly exempt assets, totaling $39,760.00[1] and liabilities totaling $56,904.96[2].

---

[1] The Debtor filed an amended Schedule B on March 18, 2011. This amendment, however, fails to demonstrate that the Debtor has assets, without regard to exemptions, exceeding his liabilities. Further, as explained in footnote 2, Plaintiff believes the Debtor has understated his liabilities.

[2] Plaintiff is informed and believes that the Debtor has understated the liabilities in his Schedules. For example, the Debtor has scheduled the claim of "Western Oilfields Supply" at $0.00, despite the fact that this creditor holds a final, non-appealable judgment against the Debtor in the amount of $137,996.37, exclusive of post-judgment interest.

11.    Plaintiff is informed and believes that at the time of the Transfers, the Debtor was involved in litigation styled *Eastland Operating, L.L.C., Ranger Gas Gathering, L.L.C., JM Investments, L.L.C., R&B Energy, L.L.C., and Larry T. Long v. Jay Marcom and Kathy Marcom*, Cause No. 29,410 pending in the 90th Judicial District Court of Stephens County, Texas.  Plaintiff is further informed and believes that causes of action were asserted against the Debtor in this litigation seeking monetary damages.

**COUNT ONE**
**(Avoidance of Fraudulent Transfers**
**Pursuant to 11 U.S.C. §§ 544, 548 and 550)**

12.    Plaintiff incorporates by reference for all purposes each of the preceding paragraphs in this Complaint.

13.    The Transfers are transfers that fit within the definition of fraudulent transfers as set out in 11 U.S.C. § 548.

14.    Pursuant to 11 U.S.C. § 548, Plaintiff may avoid any transfer for which it received less than reasonably equivalent value in exchange.

15.    At the time of the Transfers the Debtor was either insolvent or became insolvent as a result of such transfer.

16.    Alternatively, the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital.

17.    Alternatively, the Debtor intended to incur, or believed that he would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

18.     Alternatively, Plaintiff is informed and believes that, in light of the pending litigation against the Debtor, the Transfers were made with the actual intent to hinder, delay or defraud his creditors.

19.     The Transfers are subject to the remedies of Plaintiff as prescribed in 11 U.S.C. §§ 548 and 550.  Therefore, Plaintiff urges and hereby seeks this Court to avoid the Transfers to Marcom and Mormar.

**COUNT TWO**
**(Avoidance of Fraudulent Transfers**
**Pursuant to Texas Uniform Fraudulent Transfer Act)**

20.     Plaintiff incorporates by reference for all purposes each of the preceding paragraphs in this Complaint.

21.     The Transfers were fraudulent transfers pursuant to the Texas Uniform Fraudulent Transfer Act (the "**UFTA**"), Chapter 24 of the Texas Business & Commerce Code.  In particular, pursuant to Section 24.005(a)(1) the Debtor made the Transfers with the actual intent to hinder, delay or defraud his creditors, including Plaintiff.[3]

---

[3] The evidence in this case includes evidence of recognized "badges of fraud," the concurrence of which "will always make out a strong case of fraud." *See, G.M. Houser, Inc. v. Rodgers,* 204 S.W.3d 836, 842-43 (Tex. App. – Dallas 2006, no pet.).  A badge of fraud is an act or circumstance from which fraud may be inferred.  *See id.*  Under the UFTA, the non-exclusive badges of fraud that may be considered into determining "actual intent" are whether: (1) the transfer or obligation was to an insider; (2) the debtor retained possession or control of the property transferred after the transfer; (3) the transfer or obligation was concealed; (4) before the transfer was made or obligation incurred, the debtor had been sued or threaten with suit; (5) the transfer was of substantially all of the debtor's assets; (6) the debtor absconded; (7) the debtor removed or concealed assets; (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.  *See* TEX. BUS. & COM. CODE §24.005(b).

22.   The Debtor made the Transfers to Marcom, who is an insider. "Insiders" under the UFTA include relatives of a debtor. *See id.* at §24.002(7)(A)(i).

23.   Prior to the date of the Transfers, the Debtor had been sued and was engaged in litigation that potentially subjected him to monetary damages.

24.   Plaintiff is informed and believes that the Transfers accounted for substantially all of the Debtor's assets.

25.   Plaintiff is informed and believes that the value of the consideration received by the Debtor for the Transfers was not reasonably equivalent to the value of the assets transferred.

26.   Based on, at a minimum, the above, the Transfers constitute fraudulent transfers under the UFTA, and Plaintiff is entitled to an avoidance of the transfers and a judgment against Defendants, jointly and severally, for the value of the assets transferred.  Plaintiff is further entitled to all applicable pre- and post-judgment interest on damages awarded under the UFTA.

## ATTORNEYS FEES

27.   Plaintiff repeats and incorporates herein by reference each and every allegation contained in the foregoing paragraphs.

28.   Plaintiff has retained the undersigned attorneys to represent it in this action and has agreed to pay the attorneys' reasonable and necessary fees incurred herein and in the event of any and all appeals.  Plaintiff requests an award of its reasonable and necessary attorneys' fees and costs incurred herein against

Defendants, jointly and severally, as are equitable and just, plus post-judgment interest on all amounts awarded, pursuant to Section 24.013 of the UFTA.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants Marcom and Mormar be cited to appear and answer herein and that Plaintiff be granted judgment against Marcom and Mormar, jointly and severally, for:

a.   damages in an amount in excess of the minimum jurisdictional limits of this Court;

b.   pre- and post-judgment interest at the maximum rate allowed by applicable law;

c.   avoidance of the Transfers pursuant to 11 U.S.C. §§ 544, 548 and 550;

d.   avoidance of the Transfers pursuant to the UFTA;

e.   decree a constructive trust on the Property, including and proceeds thereof;

f.   reasonable attorneys fees and expenses incurred in this lawsuit and in the event of any appeals;

g.   all costs of court; and

h.   all such other and further relief, at law and in equity, to which Plaintiff may show itself justly entitled to receive.

Dated:  April 22, 2011                          Respectfully Submitted,

                                                By:     */s/ Jeffrey R. Erler*
                                                        Jeffrey R. Erler
                                                        Texas Bar No. 00796516
                                                        Brad W. Odell
                                                        Texas Bar No. 24065839

                                                BELL NUNNALLY & MARTIN, LLP
                                                3232 McKinney Avenue, Suite 1400
                                                Dallas, Texas 75204-2429
                                                (214) 740-1400 Telephone
                                                (214) 740-1499 Facsimile

                                                COUNSEL FOR PLAINTIFF

766504_2.DOC

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

**B104 (FORM 104) (08/07), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.